## Schieber v. Schieber

*Markel & Sullivan*, for wife.

*A. Giangiulio*, for husband.

DANNENHOWER, J., April 11, 1957.—On September 12, 1956, George Ann Foster Schieber filed a complaint in divorce a. v. m., no. 29, September term, 1956, against George E. Schieber, alleging indignities to the person and cruel and barbarous treatment as ground for divorce.

On October 25, 1956, the husband filed his separate complaint in divorce a. v. m., no. 324, September term, 1956, against George Ann Foster Schieber on the grounds of indignities to the person and adultery. Interrogatories were duly filed and Alvin L. Weiss, Esq., was appointed master.

Subsequently, on February 14, 1957, the wife, who filed the first action, filed a petition for consolidation of the two separate divorce actions under the term and number of the second action. To this petition the

husband filed an answer objecting to said consolidation and later a motion to strike off his wife's petition for consolidation.

The wife's rule to show cause why the two actions should not be consolidated and the husband's motion to strike this petition, after argument before the court en banc, are before us for decision.

The question involved is, where each party to a marriage brings a separate action in divorce a. v. m. in the same county, should the court, on petition, consolidate these actions in order to avoid unnecessary cost and delay.

The husband's objections to consolidation are based on the belief that by ordering consolidation the court would, in effect, be permitting a cross libel which according to the Pennsylvania Rules of Civil Procedure, "Action of Divorce or Annulment of Marriage", rule 1130(b): "No counter-claim may be asserted" is prohibited.

"The parties may, however, concurrently maintain separate suits for divorce against each other, and the pendency of one suit is not a bar to the institution of a separate suit by the respondent against the libellant. This rule is especially necessary in Pennsylvania, where the filing of a cross libel is not permitted. There need be no fear of a conflict of jurisdiction between the courts in which the two suits may be pending. A final decree in one case will automatically terminate the suit still pending. *The practice, where the two suits are brought in the same county, is to consolidate them by petition and hear them together.*" (Italics supplied). See 2 Freedman on Marriage and Divorce, §578, "Cross Libel," on page 1227 and cases therein cited. See Anthony v. Anthony, 77 D & C 519 (1951).

Furthermore, Pa. R. C. P. 213(a) provides additional authority for the consolidation of these two actions because it provides:

"When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecesary costs or delay."

At the present time, when our courts are so crowded with litigation, we must apply every modern procedural development to cut the delay, high costs and length of litigation consistent with the careful ascertainment of the truth and the efficient administration of justice. We can see no valid reason why these two divorce actions between the same parties should not be heard by the same master at the same time and thus avoid double time, work and expense and allow only a single counsel fee, costs and award of alimony pendente lite.

By what we have just said concerning expense, we do not wish to be understood to imply that the master's fee will necessarily be limited to the compensation for only one case.

There are especially good reasons for consolidating these two actions for hearing because both the husband and wife are residents of Montgomery County, and one is not a resident of a foreign State or country; secondly, the application for consolidation is made by the wife, who brought the first action and who desires her action consolidated with that of her husband; thirdly, there will be no procedural delay in either case, because a master has been appointed in the husband's action, and we have filed before us now, interrogatories in the wife's case, and we shall immediately appoint the same master; and lastly, we believe, the issues involved and the joint hearing are not so complex and complicated that they cannot be fairly determined by a master, a member of the bar, because there are many

more complex actions involving counterclaims, set-offs, cross-actions and additional defendants heard and tried before juries.

We, therefore, hold, notwithstanding that no counterclaim may be asserted in a divorce action in Pennsylvania, that where a wife institutes an action in divorce, and the husband subsequently institutes an action in divorce against his wife, the best practice is to consolidate the two actions by petition and hear them together, and only a single counsel fee, costs and award of alimony pendente lite may be made in the two actions.

In this opinion we have used the words "consolidate for hearing", "consolidate and hear them together" and "consolidate". We do not wish to be understood by using the word consolidate to mean, "to unite into one mass" to combine as a single action so that one of the cases loses its identity, because each party is a plaintiff and a defendant and each action is separately docketed. We mean that these two cases maintain their separate identity, but they shall be heard together, before the same master, at the same time, at a joint hearing or trial, just as companion cases are heard.

It seems to us that as the wife filed the first action, she should be permitted to produce her evidence first before the master. The master should only write one report, but in that report should make specific recommendations to the court in each action so each may be properly docketed.

### Order

And now, April 11, 1957, for the foregoing reasons, the motion of the husband, George E. Schieber, to strike the petition for consolidation is hereby overruled and dismissed. The rule upon George E. Schieber to show cause why the divorce actions in which

318

George Ann. Foster Schieber is· plaintiff, no. 29, September term, 1956, and George E. Schieber is plaintiff, no. 324, September term, 1956, should not be consolidated is hereby made absolute and said actions are hereby ordered consolidated for the purposes of hearing and trial.